# Simpson *v.* Carroll, Appellant.

*Appeals—Assignments of error—Points and answers.*

1. When an assignment of error is to an answer to a point both the point and the answer must be set forth in the assignment.

2. An assignment of error relating to the charge of the court is improper if it assigns a portion of the charge relating to a distinct subject, but does not give the entire portion of the charge relating to that subject.

Argued Oct. 8, 1909. Appeal, No. 4, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1903, No. 2,176, on verdict for plaintiffs in case of J. Wallace Simpson, who survives the late Lewis P. Simpson, and J. Wallace Simpson, trading as L. P. Simpson & Son, v. William H. Carroll. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover broker's commissions. Before WILLSON, P. J.

Verdict and judgment for plaintiffs for $712.88. Defendant appealed.

*Errors assigned* were in the following form:

1. The learned judge in the court below erred in not affirming the defendant's fourth point.

2. The learned judge in the court below erred in not affirming the defendant's fifth point.

3. The learned judge in the court below erred when he said to the jury in his charge (p. 61): "It does not make any difference, in my judgment, whether there was any good reason why the defendant should have been willing to give a bond and not a mortgage. There might have been some reason arising out of his own experience, or perhaps out of some false impression as to what the advantage or disadvantage of a bond, as compared with a mortgage, would be. That for some reason or other the trust company did not want to

take a bond and preferred a mortgage appears evidently from the evidence. There might have been an equally good reason why the defendant did not want to give a mortgage and preferred to give a bond. I do not know whether there was or not; but that does not make any difference in my judgment."

*William H. R. Lukens*, for appellant.

*John Weaver*, for appellees.

OPINION BY BEAVER, J., December 13, 1909:

The plaintiffs sought to recover from the defendant a broker's commission of two per cent for securing a loan upon certain mortgages which were to be given as security therefor. The evidence showed that the plaintiffs secured an agreement on the part of the Tradesmen's Trust Company to make the loan desired, provided additional security were given therefor. It was claimed on the part of the plaintiffs that that additional security was a mortgage upon certain property in Atlantic City. The defendant claimed that the additional security which he agreed to give was a general bond. This seemed to be the material question of difference between the parties.

There are three assignments of error. The first is: "The learned judge in the court below erred in not affirming the defendant's fourth point." The second: "The learned judge in the court below erred in not affirming the defendant's fifth point." These assignments are not in accordance with our fifteenth rule, which requires that: "When the error assigned is to the charge of the court, or to answers to points, or to findings of fact or law, the part of the charge, or the points and answers, or findings referred to must be quoted totidem verbis in the assignment." We have neither the points nor the answers quoted in these assignments, which are, therefore, fatally defective. They are, therefore, as required in our sixteenth rule, disregarded.

The third assignment relates to the charge of the court. It assigns a portion of the charge relating to a distinct sub-

ject but does not give the entire portion of the charge relating to that subject. Indeed the portion of the charge assigned stops at a point therein which fails to give all that the judge said upon the subject. What was said subsequently was a practical and satisfactory explanation of what is objected to by the defendant.

The judge said, as assigned for error in the defendant's third assignment: "It does not make any difference, in my judgment, whether there was any good reason why the defendant should have been willing to give a bond and not a mortgage. There might have been some reason arising out of his own experience, or perhaps out of some false impression as to what the advantage or disadvantage of a bond as compared with a mortgage would be. That for some reason or other the trust company did not want to take a bond, and preferred a mortgage appears evidently from the evidence. There might have been an equally good reason why the defendant did not want to give a mortgage and preferred to give a bond. I do know whether there was or not. But that does not make any difference in my judgment." Here the assignment ends. The court in its charge goes on to say: "If, in point of fact, the arrangement between the two men was that the defendant should give what has been called a general bond, and he refused and declined or did not agree to give a mortgage, and the plaintiff was not able to arrange to borrow the money by the giving of a bond, then the plaintiff is not entitled to a verdict. But, if you determine that he did agree to give a mortgage, if the plaintiff was authorized to state that to the Tradesmen's Trust Company as a part of the arrangement under which they were to lend the money, and they agreed to lend the money, and the defendant had agreed to pay the two per cent commission, then the plaintiff is entitled to a verdict in his favor, and just as you settle that question your verdict should be."

This makes it clear that what the court said to the jury, taking it as a whole, was entirely proper, and that the only question submitted to them was whether the defendant agreed to give a mortgage, as requested by the party secured

by the plaintiffs to make a loan on the defendant's securities, or the defendant offered instead of a mortgage a general bond and refused to give the mortgage required, and further that the defendant had agreed to pay the two per cent commission, as claimed by the plaintiffs. This was a fair and full submission of the entire point at issue to the jury, and, in view of what followed, the part of the charge contained in the third assignment of error was entirely proper. The reasons which may have influenced the plaintiffs or the trust company with which they negotiated in requiring a mortgage and those which influenced the defendant in refusing to give a mortgage but agreeing to give a general bond, as the court intimated, made no real difference. We are not, nor was the court below, concerned with the mental states or the reasons influencing the parties negotiating for this loan. The real question was, Did the defendant agree to give a mortgage, as required by the trust company with which the plaintiffs negotiated? If he did, he was bound to carry out the agreement, and the commission claimed by the plaintiffs was earned.

The third assignment of error might also be well disregarded, because it assigns but a portion of the charge relating to the subject under discussion and omits what is essential to an understanding of what the court actually submitted to the jury. We prefer, however, to supplement the assignment by what the court did say in regard to the subject, and to affirm the judgment because the charge was full, clear and adequate and in no way unfairly affected the defendant.

Judgment affirmed.